UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BERNARD CARTER,

                    Plaintiff,                         Case No. 1:16-cv-667

v.                                                     Honorable Robert Holmes Bell

THE GEO GROUP, Inc.,

                    Defendants.
_____/

## OPINION

         This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation

Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any

prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief from a defendant immune from

such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's

*pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's

allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504

U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure

to state a claim against all of the named Defendants, except Defendant Belahovt.  The Court will

serve Plaintiff's Eighth Amendment claim against Defendant Belahovt.

## Factual Allegations

Plaintiff is incarcerated at the North Lake Correctional Facility, which is a private prison in Michigan operated by the The GEO Group, Inc. (GEO).  In his *pro se* complaint, Plaintiff sues GEO, Warden Ralph Cherry, Chief of Security (unknown) Naidow, Nurse Theresa Belahovt and the North Lake Correctional Facility Medical Department.

Plaintiff alleges that, beginning in August 2015, Defendant Belahovt began making sexually explicit comments to him that made him uncomfortable.  Plaintiff told her that he did not want her to speak that way to him, but she said that she was not going to stop.  Plaintiff further alleges that "it got to where she would be touching [him] in ways that she shouldn't have and it made me feel uncomfortable."  (Compl. ECF No. 1, PageID.3.)  Plaintiff claims that Defendant Belahovt came to the high security unit where he was being held and called him out for medical treatment three times per week.  He alleges that during the call outs, she often had him expose himself to her and rub her between the legs.  Belahovt allegedly called Plaintiff out on December 16, 2015, and had him rub her between the legs as his birthday present.  Plaintiff claims that Belahovt's conduct caused him mental distress, which resulted in weight loss of 25 pounds in less than three months.  Plaintiff claims that he was afraid to tell anyone for several months, but eventually filed an informal complaint and grievance in March 2016.  (Plaintiff's Exhibits, ECF No. 4-1, PageID.16-19.)  An investigation was conducted and it appears that Defendant Belahovt was terminated from her employment.

Plaintiff contends that Defendants GEO and Cherry are responsible for Defendant Belahovt's conduct.  Plaintiff alleges Defendant Naidow is responsible for inmate safety and protection, and retaliated against Plaintiff by "keeping [him] in seg. longer than [he] should have

as well as make a comment to me that was not proper." (Compl. ECF No. 1, PageID.4.) He also claims that the North Lake Correctional Facility Medical Department should have realized what Defendant Belahovt was doing to him. He further alleges, "they retaliated against me, because, I put in numerous med slips to see the psch doctor and they took their time." (Compl. ECF No. 1, PageID.4.) Plaintiff seeks injunctive relief and monetary damages.

## Discussion

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

-3-

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

I.  **Defendants Cherry, GEO and North Lake Correctional Medical Department**

Plaintiff contends that Defendants Cherry and GEO were responsible for the conduct of their employee, Defendant Belahovt.  Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

-4-

Plaintiff has failed to allege that Defendants Cherry or GEO engaged in any active unconstitutional behavior.  Accordingly, he fails to state a claim against them.

Plaintiff alleges that North Lake Correctional Facility Medical Department also was responsible for Defendant Belahovt's conduct.  He further claims "they retaliated against me, because, I put in numerous med slips to see the psch doctor and they took their time." (Compl. ECF No. 1, PageID.4.)  The prison medical department is not a "person" subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (neither a prison nor a state corrections department is a "person" within the meaning of section 1983).  The medical department is part of the prison, which is operated by GEO.  As set forth above, GEO cannot be held liable for the conduct of its employees under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676.  Moreover, Plaintiff fails to identify or sue any specific individuals in the medical department who had reason to know about the sexual harassment or were involved in the alleged retaliation.  Plaintiff, therefore, fails to state a claim against Defendants Cherry, GEO and North Lake Correctional Medical Department.

## II.   **Defendant Naidow**

Plaintiff alleges that Defendant Naidow was responsible for the protection of inmates at the facility and suggests that Naidow should have protected him from Belahovt's sexual harassment.  In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)).  To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, plaintiffs must show that the prison officials acted with "deliberate indifference" to a substantial risk that the defendant would cause prisoners serious harm. *Farmer,* 511 U.S. at 834;

*Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Plaintiff admittedly did not tell anyone about the alleged sexual harassment until he filed his informal complaint and grievance in March 2016. Plaintiff does not allege how Naidow could have known about Belahovt's alleged conduct before Plaintiff reported it. Consequently, Plaintiff cannot show that Defendant Naidow was deliberately indifferent to a substantial risk of serious harm.

Plaintiff also asserts a retaliation claim against Defendant Naidow. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

In his complaint, Plaintiff alleges that Naidow retaliated against him by "keeping [him] in seg. longer than [he] should have as well as make a comment to me that was not proper." (Compl. ECF No. 1, PageID.4.) Plaintiff does not make any additional factual allegations in support of his retaliation claim. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501,

506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive). Plaintiff merely alleges the ultimate fact of retaliation in this action. He does not allege that he was engaged in protected conduct, let alone allege any facts to support his conclusion that Defendant Naidow acted with retaliatory animus. Accordingly, his speculative allegation fails to state a claim.

### III.   **Defendant Belahovt**

Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Defendant Belahovt.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants GEO, Cherry, Naidow and North Lake Correctional Facility Medical Department will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Belahovt.

An Order consistent with this Opinion will be entered.

Dated: <u>October 18, 2016</u>                    /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE