UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BERNARD CARTER,

           Plaintiff,          Case No. 1:16-cv-667

v.                                    Honorable Robert Holmes Bell

GEO GROUP, Inc., et al.,

           Defendants.

_____/

## ORDER

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On October 18, 2016, the Court issued an opinion and order (ECF Nos. 10-11) dismissing all of the named Defendants, except for Defendant Theresa Belahovt. The Court ordered service of the complaint as to Defendant Belahovt. The matter presently is before the Court on Plaintiff's motions for reconsideration (ECF No. 13), for appointment of counsel (ECF No. 14) to correct the spelling of Defendant's name (ECF No. 15) and "to proceed with pending case" (ECF No. 16).

    I.    **Motion to correct spelling of Defendant's name**

Plaintiff seeks to correct the spelling of Defendant's name from "Theresa Belahovt" to "Teresa Belahlovy" (ECF No. 15.) Plaintiff's motion will be granted. The Clerk of the Court will be directed to make the correction on the docket, issue summons with the correct name and forward it to the U.S. Marshals Service for service pursuant to 28 U.S.C. § 1915(d).

II.     **Motion for reconsideration**

Plaintiff moves for reconsideration of the Court's opinion and order dismissing Defendants GEO Group, Cherry, Naidow and North Lakes Correctional Facility Medical Department (ECF No. 13). Plaintiff also filed a one paragraph "motion to proceed with pending case" (ECF No. 16), which the Court construes as a motion for reconsideration. Under Rule 54(b) of the Federal Rules of Civil Procedure, a non-final order is subject to reconsideration at any time before entry of a final judgment. *Id.*; *see also ACLU v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010). Western District of Michigan Local Civil Rule 7.4(a) provides that "motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted." Further, reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been misled . . . [and] that a different disposition must result from a correction thereof." *Id.* Upon review and for the reasons previously set forth in the Court's opinion issued October 18, 2016, this Court finds no error in its decision dismissing Plaintiff's complaint as to Defendants GEO Group, Cherry, Naidow and North Lakes Correctional Facility Medical Department.

Even if Plaintiff had specifically named Defendant Belahlovy's direct supervisor in the medical department, Dr. (unknown) Yarger, Plaintiff alleges only that the supervisor "was responsible on what she [Belahlovy] did every day . . . ." (Mot. for Reconsid., ECF No. 13, PageID.67.) As set forth in the Court's previous opinion, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A

claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Dr. Yarger engaged in any active unconstitutional behavior. Because Plaintiff fails to state a claim against Dr. Yarger, any amendment to add him as a Defendant would be futile. Accordingly, for the reasons fully discussed in the opinion and judgment issued October 18, 2016, Plaintiff's motions for reconsideration will be denied.

### III. Motion for appointment of counsel

Plaintiff has requested a court-appointed attorney. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to

prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Accordingly, Plaintiff's request for appointment of counsel (ECF No. 14) will be denied. Therefore,

**IT IS ORDERED** that Plaintiff's motion to correct the spelling of Defendant's name to "Teresa Belahlovy" (ECF No. 15) is **GRANTED**. The Clerk of the Court is directed to make the correction on the docket, issue summons with the correct name and forward it to the U.S. Marshals Service for service pursuant to 28 U.S.C. § 1915(d).

**IT IS ORDERED** that Plaintiff's motions for reconsideration (ECF Nos. 13, 16) are **DENIED**.

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 14) is **DENIED**.

Dated: November 16, 2016 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE